

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HMB INTERESTS, L.L.C., ET AL. | CIVIL ACTION NO: 08-1542 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA L.P., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a Motion to Remand [Doc. #26], filed by the Plaintiffs, HMB Interests, L.L.C. ("HMB"), Palmetto Farms, L.L.C. ("Palmetto"), Keith Burns Jackson ("Jackson"), John and Velma Gladney ("Gladneys"), Gladney Development, L.L.C. ("Gladney Development"), and all others similarly situated. The Defendants, Chesapeake Louisiana, L.P. ("Chesapeake"), Petrohawk Properties, L.P. ("Petrohawk"), Red River Land Services, L.L.C. ("Red River"), Delta Lands Exploration, Inc. ("Delta Lands"), EnCana Oil & Gas (USA), Inc. ("EnCana") and Audubon Oil and Gas Corp. ("Audubon"), oppose this motion. [Docs. #40, 41].

Upon motion by the Plaintiffs, the Court allowed limited jurisdictional discovery for the purpose of developing information regarding the citizenship of the Defendants and proposed class members. [Doc. #53]. After discovery was closed, the parties were allowed to submit supplemental memoranda as to whether remand is appropriate. [Docs. #74, 93, 94, 99]. For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. #26] is **DENIED**.

Plaintiffs filed suit in the Eleventh Judicial District Court, DeSoto Parish, State of Louisiana, individually and on behalf of a proposed class, which is defined by Plaintiff as:

> All persons and entities who signed mineral leases, or extensions of pre-existing mineral leases, with any of the defendants, or which mineral leases have been assigned to any of the defendants, affecting land within Bienville, Bossier, Caddo,

Claiborne, DeSoto, Jackson, Lincoln, Natchitoches, Red River, Sabine, Webster or Winn Parishes, in Louisiana from July 1, 2006 through June 30, 2008 without knowledge of the presence under their lands of the Haynesville Shale natural gas formation.

[Doc. #4]. Plaintiffs seek rescission of the mineral leases in question, arguing error as to the substantial quality of the contractual object of the mineral leases (the Haynesville Shale formation under their lands) within the meaning of Louisiana Civil Code Articles 1949 and 1950. *Id.* Plaintiffs state that they would have never entered into the leases in question had it not been for the error as to what mineral formations lay beneath their lands. *Id.*

Defendants Chesapeake, Petrohawk, Red River, and Delta Lands, with the consent of EnCana and Audubon, removed this matter to federal court under the provisions of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332 and 1453. CAFA provides that federal courts now have jurisdiction over class action lawsuits if the claims exceed $5 million, there are at least 100 class members, and at least one plaintiff class member is diverse from at least one defendant. 28 U.S.C. § 1332(d). Defendants have met the threshold burden in this case. Plaintiffs' complaint proposes a class of potentially thousands of members. EnCana, Petrohawk, and Chesapeake are all diverse parties from the individually named Plaintiffs. *See infra* at 5-6. Lastly, the cumulative value of the lease bonus payments as alleged by the individually named Plaintiffs (a minimum of $20,000 per acre) is greater than $57 million, well above the required $5 million.

Once federal jurisdiction has been established under CAFA, the party seeking remand has the burden of proving that a CAFA exception exists, thereby divesting the Court of subject matter jurisdiction. *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 548 F. Supp. 2d 268, 271 (E.D. La. 2008). Plaintiffs argue that this case should be remanded pursuant to the "local controversy exception" of CAFA. *See* 28 U.S.C. § 1332(d)(4)(A). The local controversy exception

states that a district court shall decline to exercise jurisdiction if no other class action has been filed in the previous three years and all of the following criteria are met:

(1) greater than two-thirds of the members of the proposed class in the aggregate are citizens of the State in which the actions was originally filed;

(2) at least one defendant is a defendant

    (a) from whom significant relief is sought by members of the plaintiff class;

    (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

    (c) who is a citizen of the State in which the action was originally filed; and

(3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

*Preston v. Tenet Healthsystem Memorial Medical Center, Inc*, 485 F.3d 793, 797 (5th Cir. 2007); 28 U.S.C. § 1332(d)(4)(A). The Court finds that Plaintiffs have failed to meet their burden of establishing two of the required elements of the local controversy exception.

Plaintiffs have not met their burden of demonstrating that two-thirds of the proposed class members are citizens of Louisiana, the state in which the action was originally filed. Plaintiffs must prove the citizenship prong of the local controversy exception by a preponderance of the evidence. *Preston*, 485 F.3d at 797. Plaintiffs have defined their class to consist of "all persons and entities who signed mineral leases" affecting certain parishes in Louisiana. [Doc. #4]. The class is not self-limiting to those persons or entities who are citizens of Louisiana. Plaintiffs, as "master of the complaint with creative license for defining the putative class" could have limited the class to Louisiana citizens, which would have guaranteed that the two-thirds citizenship requirement would be met. *Id.* at 801.

3

Plaintiffs rely on *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364 (E.D. La. 2007), to argue that the definition of the proposed class in this case is sufficient for the court to presume that more than two-thirds would be Louisiana citizens. The class in *Caruso* consisted of "all Louisiana homeowners who had purchased homeowner's policies." *Id.* at 367. Because all of the plaintiffs in *Caruso* were Louisiana homeowners who purchased policies for homes located in Louisiana, Judge Vance found that a reliable (and common sense) presumption exists that more than two-thirds of the class consisted of Louisiana citizens. *Id.* at 367-368.

This case is distinguishable from *Caruso* because the class is not limited to homeowners, but is inclusive of all persons and entities who signed mineral leases "affecting land" in Louisiana. This language is expansive enough to include various types of property rights. The potential plaintiffs include both residents and non-resident landowners, heirs, corporations, fractional owners, and even servitude owners. The possibilities are too great for this Court to presume that greater than two-thirds of the proposed class members are Louisiana citizens based on the definition of the class.

Plaintiffs correctly note that Chesapeake, Red River, Delta Lands, and Petrohawk have indicated on more than one occasion that the citizenship requirement is probably satisfied in this case as to these four Defendants. [Doc. #82 at 2-3]. However, Audubon and EnCana have maintained during the course of this litigation that they do not know whether any given lessor (or payee) under any lease is, in fact, a Louisiana citizen. [Docs. #84, 99]. Neither Audubon or EnCana dispute that a majority of the leases in question list a Louisiana address in the contact information. A mailing address may be an indication of residence, but this is not sufficient by itself to establish citizenship. *See Preston*, 485 F.3d at 803. For the purposes of diversity, an individual's citizenship is synonymous with domicile. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir.

4

1985). The Fifth Circuit has held that both residence in fact and the intention of making the place of residence one's home are essential elements of domicile. *Id.* Even the Defendants who indicate that the citizenship requirement is "probably met" are necessarily relying on the addresses of the lessors to make such a concession. The fact that a majority of the lessors list a Louisiana mailing address is not sufficient for the Plaintiffs to meet their burden of proof as to the citizenship requirement. *See Preston*, 485 F.3d at 803-804.

Even if Plaintiffs had successfully demonstrated by a preponderance of the evidence that the two-thirds citizenship requirement is met, they still cannot meet at least one other prong of the local controversy exception. The local controversy exception also requires Plaintiffs to demonstrate that the putative class seeks "significant relief" from at least one in-state Defendant, and that the alleged conduct of the same Defendant "forms a significant basis for the claims asserted by the proposed class." 28 U.S.C. § 1332(d)(4)(A). The statute enumerates the requirements for the exception to apply as conjunctive not disjunctive, such that each prong must be met.

Plaintiffs have named six Defendants in this case: Chesapeake, Petrohawk, EnCana, Red River, Delta Lands, and Audubon. Plaintiffs assert in their Motion to Remand that Defendants Audubon and Delta Lands are both Louisiana corporations and that Red River is a Louisiana limited liability company whose members appear to be Louisiana citizens. [Doc. #26]. In addition, Plaintiffs argue that Chesapeake and Petrohawk are also potentially Louisiana citizens if their principal place of business is in Louisiana in addition to their states of incorporation. *Id.* Plaintiffs do not dispute that EnCana is not a Louisiana citizen.

A corporation's citizenship for diversity purposes is that of its state of incorporation and where it has its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). The recent United States

Supreme Court decision in *Hertz Corp. v. Friend*, 599 U.S. ___, 130 S.Ct. 1181 (2010), clarifies that "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporations activities, also referred to as the corporation's "nerve center." *Id.* Chesapeake is organized under the laws of Oklahoma, and its nerve center is also located in Oklahoma. [Doc. #40, Ex. B]. Petrohawk is organized under the laws of Texas, and its nerve center is also located in Texas. [Doc. #40, Ex. A]. Therefore, the only Defendants that are Louisiana citizens are Red River, Delta Lands, and Audubon.

The Louisiana Defendants (Red River, Delta Lands, and Audubon) cannot be relied on as a defendant from whom "significant relief" is sought because all of their interests in the leases were assigned to other parties. All of the named Plaintiffs signed leases directly with Chesapeake, or a local mineral lease broker (Red River, Delta Lands, or Audubon), who then promptly assigned the leases to Chesapeake, Petrohawk, or EnCana. [Doc. #4]. The relief being sought by the Plaintiffs is rescission of the leases, or in the alternative, damages. [Docs. #4, Ex. A; 93 at 2]. Plaintiffs can only obtain rescission of the mineral leases from the Defendants who now hold the leases at issue – Chesapeake, Petrohawk, and EnCana. *See* LSA R.S. §§ 31:127, 128. As discussed *supra*, Chesapeake and Petrohawk are not Louisiana citizens under the *Hertz* analysis, and EnCana was never purported to be a citizen of Louisiana. Accordingly, Plaintiffs cannot demonstrate that the putative class is seeking "significant relief" from at least one in-state (Louisiana) Defendant.

For the reasons assigned herein, Plaintiffs' Motion to Remand [Doc. #26] is hereby **DENIED**.

**THUS DONE AND SIGNED,** this 7th day of September, 2010.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE